UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-21615-CIV-LENARD
CASE NO. 11-21618-CIV-LENARD

**BERQUIS RODRIGUEZ**,

        Movant,

vs.

**UNITED STATES OF AMERICA**,

        Respondent.
_____/

**JUAN VARA**,

        Movant,

vs.

**UNITED STATES OF AMERICA**,

        Respondent.
_____/

## ORDER DENYING MOVANTS' MOTION TO VACATE CONVICTIONS PURSUANT TO 28 U.S.C. § 2255 (D.E. 1)

**THIS CAUSE** is before the Court on the Movants' *pro se* Emergency Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 ("Emergency Motion," D.E. 1),[1] filed on May 6, 2011. The Government filed its Omnibus Answer in Opposition to the Motion ("Answer," D.E. 4) on May 17, 2011, to which Movants replied by letter ("Reply," D.E. 6) on June 2. Upon review of the Emergency Motion, Answer, Reply and the record, the Court finds Movants' Emergency Motion should be denied.

---

[1] Petitioners filed identical Motions in Civ. Case Nos. 11-21615-JAL and 11-21618-JAL.

Movants, a brother and sister, pled guilty to charges relating to a conspiracy to manufacture and distribute marijuana and maintaining a drug involved premises, and were sentenced by this Court on March 4, 2008.  *See United States v. Martinez, et al.*, 1:07-cr-20531-LENARD, Judgment as to Berquis Rodriguez, D.E. 213, Judgment as to Juan Vara, D.E. 215.  Movants did not appeal their convictions and they became final in April 2008.  Movants are not currently incarcerated.

Movants now seek to vacate their sentence so that they may travel to Cuba and see their dying mother without fear of being denied re-entry into the United States. (Emergency Mot. at 2-3.)  Despite the unfortunate circumstances surrounding Movants' Emergency Motion, the Court finds they are not entitled to any relief.

As a preliminary matter, 28 U.S.C. § 2255 motions cannot be brought by movants who are no longer in custody.  *See* 28 U.S.C. § 2255(a).  Movants' Emergency Motion should have been brought as a motion for *writ of corum nobis*.  *See* 28 U.S.C. § 1651; *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002).

Nevertheless, Movants' Emergency Motion for post-conviction relief is untimely, barred by the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") one-year statute of limitations.  The one-year limitations period runs from "the date on which the judgment of convictions becomes final."  See 28 U.S.C. § 2255(f)(1).  Here, Movants' convictions became final by April 2008, over three years before the filing of the instant Motion.  *See Griffith v. Kentucky*, 479 U.S. 314 (1987).  Thus, Movants' Emergency Motion is time-barred under AEDPA.

Movants chief argument in support of their Emergency Motion is that the Supreme Court's decision in *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), renders their convictions unconstitutional because counsel did not advise them at the time of their pleas that they would be subject to deportation (and if they leave the country, they might be barred from re-entry). (Emergency Mot. at 2-3.) Assuming that the Supreme Court announced a newly created right in *Padilla* which may be applied to cases on collateral review, Movants were required to file their Emergency Motion within one year of the date of that decision, March 31, 2010. *See Dodd v. United States*, 365 F.3d 1273, 1281 (11th Cir. 2004) (the limitations period for petitions claiming application of a newly created right under § 2253(f)(3) begins on the date of the Supreme Court decision that recognizes the right). Therefore, Movants' Emergency Motion, filed on May 6, 2011, was several weeks too late.

Furthermore, upon review of the Movants' guilty pleas in their criminal proceedings, the Court finds that both were adequately advised that their pleas may adversely affect their immigration status. Both Movants answered "Yes" when asked if they understood that, "if you are not a citizen of the United States, such adjudication may subject you to removal proceedings by the Bureau of Immigration and Customs Enforcement pursuant to United States law?" (Tr. of Vara Change of Plea, Dec. 21, 2007, p. 18, Answer Ex. B; Tr. of Rodriguez Change of Plea, Jan. 4, 2008, p. 16, Answer Ex. A.) The Court therefore finds that Movants' Padilla claim, even if not time-barred, is factually incorrect and therefore would not warrant relief.

Accordingly, consistent with the foregoing, it is **ORDERED AND ADJUDGED** that Movants' Emergency Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (D.E. 1), filed on May 6, 2011, is **DENIED**.[2]

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of June, 2011.

*/s/ Joan A. Lenard*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

---

[2] It is well established that a petitioner filing a 28 U.S.C. § 2255 motion is entitled to an evidentiary hearing unless it can be conclusively stated from their allegations that they are not entitled to relief.  *See United States v. Yizar*, 956 F. 2d 230, 233 (11th Cir. 1992).  Because Movants' petition is time-barred and otherwise contains factually incorrect claims, the Court finds that an evidentiary hearing in this case is not necessary.